J-A11021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: A.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.P., MOTHER | |
| | No. 1986 EDA 2021 |

Appeal from the Order Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-DP-0072825-2008

| | |
|---|---|
| IN THE INTEREST OF: A.F.S., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.P., MOTHER | |
| | No. 1987 EDA 2021 |

Appeal from the Decree Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-AP-0000472-2019

| | |
|---|---|
| IN THE INTEREST OF: C.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: L.P., MOTHER | |
| | No. 1988 EDA 2021 |

Appeal from the Order Entered September 1, 2021

In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-DP-0000695-2016

| IN THE INTEREST OF: C.A.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: L.P., MOTHER | |
| | No. 1989 EDA 2021 |

Appeal from the Decree Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-AP-0000474-2019

| IN THE INTEREST OF: T.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: L.P., MOTHER | |
| | No. 1990 EDA 2021 |

Appeal from the Order Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-DP-0000696-2016

| IN THE INTEREST OF: T.A.R., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| APPEAL OF: L.P., MOTHER | |
| | No. 1991 EDA 2021 |

Appeal from the Decree Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-AP-0000473-2019

IN THE INTEREST OF: J.S., A MINOR

APPEAL OF: L.P., MOTHER

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1992 EDA 2021

Appeal from the Order Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-DP-0000697-2016

IN THE INTEREST OF: J.A.S., A MINOR

APPEAL OF: L.S.P., MOTHER

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1993 EDA 2021

Appeal from the Decree Entered September 1, 2021
In the Court of Common Pleas of Philadelphia County
Juvenile Division at No: CP-51-AP-0000475-2019

BEFORE:  BOWES, STABILE, and McLAUGHLIN, JJ.

DISSENTING MEMORANDUM BY STABILE, J.:      **FILED AUGUST 8, 2022**

The Majority engages in a thorough and erudite analysis of the record

and applicable law.  Unfortunately, the Majority's analysis rests on its own

- 3 -

thorough assessment of the facts, a task the trial court should have undertaken but did not. For that reason, I would reverse and remand for further proceedings.

Section 2513(d) of the Domestic Relations Code provides that after a hearing, "the trial court shall make a **finding** relative to the pertinent provisions of section 2511 (relating to grounds for involuntary termination) and upon such finding may enter a decree of termination of parental rights." 23 Pa.C.S.A. § 2513(d). In my view, the trial court did not make a sufficient finding in this case. In the decrees on appeal, the trial court stated only that "Petitioner has established by clear and convincing evidence that there is a legal basis for terminating parental rights of [the child]." Decrees, 9/1/21.

The trial court offered little more in its on-the-record findings at the final hearing:

> Well, certainly I'm going to look at the best interest of the children and whether any irreparable harm would be done if they were to be adopted. So, I'm ready to make my decision.
>
> With regard to mother, after reviewing the notes of testimony from the prior hearings and the testimony of [caseworker Samir Ismail], and also – I believe it was Dr. [Erica] Williams that testified, [caseworker Joanna Pecora] testified from CUA [Community Umbrella Agency], correct?
>
> […]
>
> And also Dr. Williams' testimony regarding mother's D and A and mental health concerns. I find the City has met its burden by clear and convincing evidence as to mother – terminate her parental rights under 2511(a)(1), (2), (5), and (8) and 2511(b).
>
> […]

Also, the Court has considered the best interests of the children in this case. And the issues that I look at are the parental duties performed by each of the parties in this case, and clearly the parental duties are being performed by the foster parents.

[T.R.] and [C.R.] have been [in foster care] for three years – or over three years – and clearly [foster father] is the person performing all the parental duties in this case, other than father […] visiting. And, over the years, that's been somewhat sporadic.

I also look at the need for stability and continuity in the child's life, and all those factors lead me to the inescapable conclusion that the children are in their proper placements. Also, I considered the preference of the children, and balanced that with the need for stability. I find that all the children – it's in their best interest for adoption.

And also, which party is likely in the future to provide for the daily needs of these children, and that is the foster parents in this case, who have been caring for these children; three of the children, at least for three years, and the other child for over a year.

N.T. Hearing, 9/1/2021, at 9.

These sparse findings are the culmination of a termination of parental rights proceeding that spanned eight hearings over more than two years. Our well-settled standard of review requires us to accept the trial court's findings of fact if they are supported by the record. *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013). Implicit in this is that the trial court make findings of fact so as to facilitate appellate review. We then examine the supported findings of fact to determine whether the trial court made an error of law or abused its discretion in deciding to terminate parental rights. *Id.*

Prior to filing her appeal in this case, L.P. had little to no means of discerning the factual basis for the trial court's decision. The testimony of Dr. Williams, referenced above, was based on a single meeting that occurred on June 8, 2017, more than four years before the trial court rendered its decision. N.T., 1/19/21, at 73-74. Otherwise, the trial court simply noted its review of the testimony of several caseworkers without giving any indication as to which part or parts of those witnesses' testimony the court relied in its decision; noted the length of time the children had been in foster care; and noted the children's stated preferences (which L.P. disputes). The court gave no recitation of facts until after this appeal was taken.

There is little statutory or precedential guidance on how thorough the finding under § 2513(d) must be. L.P. cites 23 Pa.C.S.A. § 5323(d), which governs child custody disputes, as analogous support for her argument: "**(d) Reasons for award.--**The court shall delineate the reasons for its decision on the record in open court or in a written opinion or order." 23 Pa.C.S.A. § 5323(d). As the Majority correctly observes, § 5323(d) is clearly distinct from § 2513(d) in that it expressly requires the trial court to provide an on-the-record explanation of the reasons for its decision, whereas § 2513(d) merely requires a "finding." Regardless, I have several reasons for concluding that the "finding" under § 2513(d) must be more substantial than it was in this case.

First, the trial court's factfinding must be sufficient to facilitate appellate review. And when the trial court's findings are sparse or non-existent, this Court is left to **find facts** rather than **review the findings** of the trial court. We are ill-equipped to do the former.[1] Our deference to the trial court's factfinding is based in large part on the trial court's "first-hand observations of the parties spanning multiple hearings." **T.S.M.**, 71 A.3d at 628. A mere conclusionary statement that termination is warranted under § 2511 is not, in my opinion, a sufficient finding under § 2513(d).

Indeed, the law requires a finding that termination is appropriate under one of the subsections of § 2511(a), and a separate finding under § 2511(b) regarding the effect of termination on the child:

> With respect to consideration of the effect of termination of parental rights on Child, we find that the trial court made no findings with regard to § 2511(b). The trial court stated, "It is not lost upon this Court that this child has bonded with [the pre-adoptive parents], and that she has been provided a loving, stable and caring home." Trial Court Supplemental Opinion, 2/20/2003, at 7. Since the trial court has not made an express finding regarding the consideration of the effect termination of Father's parental rights on Child, we remand for such a finding.

**In re C.M.S.**, 832 A.2d 457, 465 (Pa. Super. 2003), **appeal denied**, 859 A.2d 767 (Pa. 2004). Similarly, in the instant case, the trial court noted that

---

[1] I have no reason to dispute the accuracy of the Majority's reading of the record, but for the reasons I explain in the main text I cannot condone the procedure the trial court followed in this case.

the children are in good foster homes but failed to make specific findings as to the effect of termination on the children.

Second, I believe parties challenging termination of their parental rights deserve to know the trial court's assessment of the evidence **before** they formulate the issues to be included in a Pa.R.A.P. 1925(b) concise statement. The trial court's recitation of facts in its Pa.R.A.P. 1925(a) opinion,[2] which the challenging party will not receive until after filing a concise statement, is not a substitute for pre-appeal factfinding. Parents enjoy a fundamental liberty interest in the care, custody, and management of their children. *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). I would demand thorough fact finding **prior** to the issuance of an order terminating that fundamental liberty interest, and I would remand when it is absent.

I respectfully dissent.

---

[2] The section of the trial court's opinion headed "Findings of Fact" contains three paragraphs, with one addressing the facts, one explaining L.P.'s parenting goals, and the third addressing procedural history. Trial Court Opinion, 1/18/22, at 3-5. Citations to and analysis of the record is interspersed throughout the six and seven of the trial court's opinion, before its conclusion on page 8. But given that this termination proceeding spanned eight hearings over a period of two years, the trial court's post-appeal assessment of the evidence is limited at best.